RECEIVED IN THE OFFICE OF
CATHERINE C. BLAKE

JUL 17 2019

UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **Matthew S. Remsnyder, *et al.*,** | |
| **Plaintiffs** | |
| **v.** | **Civil Action No.: 1:19-cv-00492-CCB** |
| **MBA Mortgage Services, Inc.** | |
| **Defendant.** | |

---

## JOINT SUBMISSION REGARDING PROPOSED SCHEDULING ORDER

Plaintiffs, Matthew Remsnyder, *et al.* and Defendant MBA Mortgage Services, Inc. (the "Parties") through counsel and pursuant to the Court's July 2, 2019 Memorandum to Counsel (ECF No. 16), hereby submit this Joint Submission regarding a proposed schedule in the above-captioned case, and state as follows:

The Parties have conferred regarding a proposed Scheduling Order.  The Parties are largely in agreement and jointly submit proposed deadlines below, but are in disagreement with respect to the need to conduct a Rule 26(f) Conference.  The Parties' respective positions on this issue are below.

### I.    Plaintiffs' Position

Plaintiffs propose including in the scheduling order an August 9, 2019 deadline for the completion of a Rule 26(f) Conference.  Plaintiffs read Local Rule 104.4 to address the timing of a Rule 26(f) Conference, which under Local Rule 104.4 may take place after the entry, rather than before, a scheduling order is issued.  In addition, given the complexity of Plaintiffs' RESPA, Sherman Act and RICO claims, a Rule 26(f) Conference would allow for the Parties to plan a more orderly discovery process, addressing issues such as the preservation and production

*Approved*
*Status report due Sept. 6, 2019,*
*CCB USDJ*
*7-22-19*

1

of electronically stored information, which are likely to be an integral part of Plaintiffs' discovery requests, as well as those related to privilege and/or the entry of a protective order. Plaintiffs will defer to the Court's determination of whether a Rule 26(f) Conference would be useful or necessary in this case.

## II.    Defendant's Position

It is Defendant's position, in contrast to Plaintiff's position, that Local Rule 104.4 does not require a Rule 26(f) conference as part of discovery.    The proposed scheduling order provides for Initial Disclosures by September 3.  To the extent that Plaintiffs believe that there may be an issue with regard to electronically stored information, such evidence is being preserved and upon the presentation by the Plaintiffs of a proposed electronic discovery plan, which has not yet been provided, the parties can then work towards reaching an agreement regarding the production of electronic discovery.  Although Plaintiffs state above that there may be issues which "relate to privilege and/or the entry of a protective order," they have not identified any such issues which would require a Rule 26(f) conference by August 9.  Defendant is amenable to a Confidentiality Agreement in this case, which are frequently entered into in cases such as this without the need for a formal Rule 26(f) discovery conference.

Other than the dispute addressed above, the Parties submit the following proposed schedule for all other deadlines in this matter:

| | |
|---|---|
| Initial Disclosures | September 3, 2019 |
| Deadline to file Plaintiffs' Motion for Class Certification | March 20, 2020 |
| Deadline to Oppose Plaintiffs' Motion for Class Certification | April 20, 2020 |

| | |
|---|---|
| Deadline for Plaintiffs' Reply on its Motion for Class Certification | May 4, 2020 |
| Hearing on Class Certification | June 3, 2020 |
| Deadline to Join Parties or Amend the pleadings | 30 days following class certification decision |
| Discovery Deadline (Non-Expert) | 140 days following class certification decision |
| Deadline for Identifying Plaintiffs' Expert(s) on Substantive Issues | 140 days following class certification decision |
| Deadline for Identifying Defendants' Expert(s) on Substantive Issues | 185 days following class certification decision |
| Discovery Deadline (Expert) | 220 days following class certification decision |
| Deadline to File Motions for Summary Judgment | 230 days following class certification decision |

Discovery on all issues will proceed concurrently. The parties reserve all rights to object to discovery consistent with the Federal Rules of Civil Procedure.

The court at its discretion may adjust the Scheduling Order. This may include changes to the merits discovery schedule following the court's decision on class certification.

Respectfully submitted,

_____/s/_____
Timothy F. Maloney, Esq. #03381
Veronica B. Nannis, Esq. #15679
Megan A. Benevento, Esq. #19883
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 / (301) 220-1214 (fax)

_____/s/_____
Michael Paul Smith, Esq. #23685
Melissa L. English, Esq. #19864
Sarah A. Zadrozny, Esq. #13911
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 821-0070 / (410) 821-0071 (fax)

3

Email: tmaloney@jgllaw.com
vnannis@jgllaw.com
mbenevento@jgllaw.com
*Co-Counsel for Plaintiffs and Class Members*

Email: mpsmith@sgs-law.com
menglish@sgs-law.com
szadrozny@sgs-law.com
*Counsel for Plaintiffs and Class Members*


_____/s/_____
Steven A. Allen (Federal Bar #00607)
Mark D. Maneche (Federal Bar #23368)
Pessin Katz Law, P.A..
901 Dulaney Valley Road, Suite 500
Towson, MD 21204
410-938-8300
410-832-5602 (fax)
sallen@pklaw.com
mmaneche@pklaw.com
*Counsel for Defendant MBA Mortgage Services, Inc.*