**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MATTHEW S. REMSNYDER, *et al.*,

v.

MBA MORTGAGE SERVICES, INC.

Civil Action No. CCB-19-492

**MEMORANDUM**

Pending before the court is a Motion to Withdraw by Pessin Katz Law, P.A., counsel for the defendant MBA Mortgage Services. Though MBA did not oppose the Motion, the plaintiffs did file an opposition, and Pessin Katz replied. The issue has been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the court will grant the Motion but delay the effect of its ruling for two weeks.

**BACKGROUND**

This case involves claims brought by borrowers on residential mortgage loans originated or brokered by MBA. Am. Compl. ¶ 1, ECF 35. The plaintiffs allege a widespread scheme between MBA and non-party All Star Title, Inc. in which MBA received kickbacks in exchange for assigning and referring residential mortgage loans to All Star for title and settlement services. *Id.* ¶¶ 23, 32. The plaintiffs moved to certify a class consisting of individuals who were borrowers on loans originated or brokered by MBA and for which All Star provided a settlement service, *see* Mot. for Class Cert., ECF 54, and on September 6th the court granted the motion and certified the plaintiffs' proposed class and subclasses, Order, ECF 63. The court ordered the parties to confer and submit a proposed form of notice to the class within thirty days of the certification order. *Id.*

Twenty-two days later, Pessin Katz filed a Motion to Withdraw as MBA's counsel. Mot. to Withdraw, ECF 65. Five days after that, Pessin Katz filed another motion, this time to postpone the deadline for proposing a form of notice to the class, explaining that "as a result of the filing of the Motion to Withdraw, undersigned counsel are not in a position to confer regarding the class certification notification." Mot. to Postpone ¶ 4, ECF 66. The Motion to Postpone also noted that "Plaintiffs intend to oppose this request." *Id.* ¶ 5. At the thirty-day deadline, on October 6th, the plaintiffs filed their Motion for Approval of the Notice Plan, in which they explained that the parties met and conferred regarding the notice plan before Pessin Katz moved to withdraw and MBA had not objected to the plaintiffs' notice proposals. Mot. for Approval of Notice Plan at 2, ECF 68. Plaintiffs filed an opposition to the Motion to Withdraw on the same day. Opp'n to Mot. to Withdraw, ECF 67 ("Opp'n").

The court stepped in on October 16th, explaining that the Motion to Withdraw would be decided after it was fully briefed and, in the meantime, denying the Motion to Postpone and ordering MBA to object to the plaintiffs' proposed notice by October 23rd if it wished to do so. Order, ECF 69.

Pessin Katz replied in support of its Motion to Withdraw on October 18th. Reply in Supp. of Mot. to Withdraw, ECF 70 ("Reply"). MBA did not oppose the plaintiffs' notice proposal. The Motion to Withdraw is now fully briefed and ripe for resolution.

## LEGAL STANDARDS

To withdraw from representation, counsel must comply with this District's Local Rules. Those rules first impose a notice requirement: when representing a corporate client, counsel may withdraw only with leave of the court after "(1) appearance of other counsel has been entered, or

(2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it." Local Rule 101(2)(b).

The Local Rules also adopt Maryland's Rules of Professional Conduct, *see* Local Rule 704, which impose additional limitations on withdrawal. The state rules provide:

> [A]n attorney may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the attorney's services that the attorney reasonably believes is criminal or fraudulent;
>
> (3) the client has used the attorney's services to perpetrate a crime or fraud;
>
> (4) the client insists upon action or inaction that the attorney considers repugnant or with which the attorney has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the attorney regarding the attorney's services and has been given reasonable warning that the attorney will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Md. Rule 19-301.16(b). The court may nevertheless order an attorney to continue representation notwithstanding a showing of good cause for withdrawal. *Id.* 19-301.16(c). In assessing a motion for withdrawal, the court must "consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal. If there is an impending trial or other key proceeding, failure to pay fees may not justify withdrawal." *Abbott v.*

*Gordon*, No. DKC-09-cv-372, 2010 WL 4183334, at *3 (D. Md. Oct. 25, 2010) (citing *Portsmouth Redev. and Hous. Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 783 (E.D. Va. 1994)).[1]

Ultimately, "[t]he decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court." *Abbott*, 2010 WL 4183334, at *1 (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)).

**ANALYSIS**

At the outset, the court finds that Pessin Katz has complied with the notice requirement of Local Rule 101.2(b). See Mot Exs. 1 & 2, ECFs 65-1, 65-2.[2] As for the basis of its Motion to Withdraw, Pessin Katz explains in its Reply that "MBA cannot continue to pay legal fees associated with the defense of this action because MBA has no income or other assets from which to make payments." Reply ¶ 17. According to counsel, during the course of this litigation MBA has wound down its business, surrendered its lending licenses, terminated its employees, and exhausted its assets. *Id.* ¶¶ 2-4, 12, 17.

Counsel may withdraw under the Maryland Rules if "the representation will result in an unreasonable financial burden on the attorney." Md. Rule 19-301.16(b)(6). A client's inability or refusal to pay inevitably-incurred non-negligible fees can impose an unreasonable financial burden. *Al-Sabah v. Agbodjogbe*, No. ELH-17-cv-730, 2019 WL 1472585, at *3 (D. Md. Apr. 3, 2019) ("[B]ecause defendants cannot pay off their debt at this time, additional representation

[1] Unpublished opinions are cited for the soundness of their reasoning rather than any precedential value.

[2] The plaintiffs take issue with the absence of reasons for withdrawal in Pessin Katz's Motion and a redaction in the exhibit showing its notice to MBA, but Rule 101.2(b) does not require a statement of reasons, nor does a redaction of attorney-client privileged material render the notice improper.

would simply add to that debt and 'result in an unreasonable financial' burden on defendants' counsel under Rule 19-301.16(b)(6)."). Although MBA has not yet failed to pay its legal fees (as is necessary to justify withdrawal under Md. Rule 19-301.16(b)(5)), Pessin Katz explains that MBA has no assets nor means to generate income and will be unable to pay them moving forward. A significant portion of this litigation remains, and the legal fees likely to be incurred for Pessin Katz's zealous representation during those proceedings would undoubtedly be significant. The court finds that continued representation would result in an unreasonable financial burden on Pessin Katz.

The plaintiffs' opposition focuses on the prejudice that both parties will suffer if Pessin Katz is allowed to withdraw. MBA faces default judgment if it is unable to retain replacement counsel. *See* Local Rule 101.2(b). And the plaintiffs claim that permitting withdrawal would unreasonably delay the proceedings, even if new counsel appears. Opp'n at 3. MBA is undoubtedly in a precarious situation, but the threat of the default judgment contemplated by Rule 101.2(b) cannot prevent the occurrence of the circumstances necessary for the operation of that provision.[3] *See Al-Sabah*, 2019 WL 1472585, at *3 (citing Maryland cases for the proposition that prejudice to client resulting from withdrawal because of failure to pay fees was "self-inflicted" and therefore did not preclude withdrawal) (citing *In re Franke*, 207 Md. App. 679, 695 (2012) and *In re Cooper & Tuerk, LLP*, No. 607, 2018 WL 2714922, at *3, 10 (Md. Ct. Spec. App. June 5, 2018)). Moreover, MBA expressed no opposition to its counsel's withdrawal.

Furthermore, the court concludes that the delay which would be caused by withdrawal will

[3] Plaintiffs erroneously contend that the potential for a default judgment is a "material adverse effect" that "preclud[es] withdrawal." Opp'n at 3 (citing Md. Rule 19-301.16(b)(1)). The circumstances for permissive withdrawal under the Maryland rule are written in the disjunctive; failure to satisfy one of the subparts is not fatal to Pessin Katz's motion. Md. Rule 19-301.16(b).

not be unduly prejudicial to either party nor will it improperly disrupt the administration of justice. This case is at a natural turning point; class certification has been granted, but notice has not yet been sent to the class members. The next discovery deadline is approximately three months away and no trial date has been scheduled, so new counsel should have sufficient time to get up to speed without unduly delaying the case.[4] *See NH Special Events, LLC v. Franklin Events Mgmt.*, No. AAQ-19-1826, 2022 WL 20402341, at *1 (D. Md. Apr. 26, 2022); *Nasreen v. Capitol Petroleum Grp., LLC*, No. TJK-20-cv-1867, 2021 WL 5310565, at *3 (D.D.C. Nov. 15, 2021) (finding that delay resulting from withdrawal during discovery caused only negligible prejudice to opposing party). Contrary to plaintiffs' protestations, there is no evidence that the substitution of counsel, if new counsel can be obtained, would "grind [this litigation] to a halt." Opp'n at 4. Moreover, plaintiffs cannot realistically contend that they will be prejudiced if MBA is unable to retain new counsel—in that event, they may win the case by default.[5]

Nevertheless, the court is cognizant of the fact that MBA has failed to find new counsel within Local Rule 101.2(b)'s thirty-day "safe harbor." *Al-Sabah*, 2019 WL 1472585, at *4. And this dispute has temporarily eclipsed the primary proceedings. Plaintiffs argue that Pessin Katz's withdrawal is merely a delay tactic employed by MBA to install a receivership before this litigation is resolved. Opp'n at 5. Without deciding whether that is the case, the court in its discretion and in keeping with the rules will not permit unreasonable delay. This litigation must continue onward,

---

[4] The court recognizes that if MBA's financial circumstances are as dire as defense counsel asserts, it is unlikely that MBA will be able to retain new counsel.

[5] Whether plaintiffs will be able to recover on any judgment that may be entered is a separate question.

and it is MBA's burden to defend itself or face the consequences.[6]

The court will therefore grant Pessin Katz's Motion to Withdraw, but will delay this ruling's operation for fourteen days. During that time, MBA and Pessin Katz are directed to endeavor to find new counsel with all possible diligence and to assist in transitioning the case to new counsel to avoid undue delay. *See Kravitz v. United States Dep't of Com.*, No. GJH-18-cv-1041, 2019 WL 3017097, at *3 (D. Md. July 10, 2019) (conditioning withdrawal on a description of the efforts to transition the case to new counsel). If MBA cannot find new counsel, it must so inform the court, with Pessin Katz's assistance, by the end of the fourteen-day period and show cause why a default should not be entered against it. Local Rule 101.2(b); *cf. Al-Sabah*, 2019 WL 1472585, at *4 (affirming decision to grant motion to withdraw but granting corporate defendants thirty additional days to find counsel or face default); *Chang v. Jenny JN Nails, Inc.*, No. AVC-19-cv-2024, 2021 WL 6339645, at *2 (D. Conn. July 13, 2021).

**CONCLUSION**

For the reasons stated above, Pessin Katz's Motion to Withdraw will be granted, with the Order to take effect in fourteen days.

A separate Order follows.

10/31/2023
Date

/s/
Catherine C. Blake
United States District Judge

---

[6] MBA apparently has the means to retain *some* counsel, as it has engaged an insolvency attorney to advise it on "dissolution, bankruptcy and receivership options." Reply ¶ 7.