IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Matthew S. Remsnyder, *et al.*, <br><br> **Plaintiffs** <br><br> v. <br><br> MBA Mortgage Services, Inc. <br><br> **Defendant.** | Civil Action No.: 1:19-cv-00492-JRR |

### PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT JUDGMENT

Plaintiffs Matthew S. Remsnyder and Kimberly I. McMillen, Lucy Strausbaugh, Vernon and Crystal Miller, Bonnie S. Vaughn, Edward and Karen Leech, Jr., Ellen T. Geiling, Ted and Andrea Doederlein, Randall Taylor, and Edward F. and Anna M. Barth, Jr., by undersigned counsel and pursuant to Fed. R. Civ. P. 55(b)(1), hereby request that the Clerk enter Judgment in their favor the sums certain below against Defaulted Defendant MBA Mortgage Services, Inc. ("MBA")  In support of their Request, Plaintiffs state as follows:

1. This action alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C., §2607(a), and the Racketeer Influenced and Corrupt Organizations Act ("RICO")., 18 U.S.C. § 1962(a).

2. On December 6, 2023, the Clerk entered an Order of Default against MBA for its failure to plead or otherwise defend. ECF No. 75. On the same day, the Clerk issued a Notice of Default to MBA that advised MBA of the Order of Default entered against it and provided MBA 30 days' Notice to file a motion to vacate the order of default. ECF No. 76.  The Notice of Default further advised MBA that if it did not take action within the 30 days, the Court would act on any motion for entry of default judgment.  *Id.*

3. The 30-day deadline contained in ECF No. 76 expired on January 5, 2023. As of the filing of this Request, MBA has not sought to vacate the Order of Default.

4. Fed. R. Civ. P. 55(b)(1) provides as follows:

**b) Entering a Default Judgment.**

> **(1) *By the Clerk.*** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

5. Each of the Plaintiffs claims a sum that can be made certain by computation.

6. Each of the named Plaintiffs alleges a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C., §2607(a) arising out of Defendant MBA Mortgage Services, Inc.'s referral of their mortgage loans to All Star Title, Inc. ("All Star") for title and settlement services. *See* Affidavit of Melissa L. English, attached hereto as **Exhibit A**, at ¶ 2.

7. Additionally, each of the named Plaintiffs alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1962(a) arising out of MBA's forming of an illegal enterprise with All Star through which the Plaintiffs were defrauded into paying fixed and higher prices for title and settlement services related to their MBA mortgage loans. Ex. A, at ¶3.

8. As prevailing parties in an action pursuant to RESPA 12 U.C.S. §2607(a), Plaintiffs are entitled to the following statutory damages:

> **(2)** Any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation <u>in an amount equal to three times the amount of any charge paid for such settlement service</u>.

12 U.S.C. §2607(d)(2) (emphasis added).

9. The charges that each Plaintiff paid for their settlement services is identified in Section 1100 of their respective HUD-1 Settlement Statements. *See* Ex. A, at ¶¶7-8.

10. In addition, as prevailing parties in an action pursuant to RICO 18 U.S.C. §1962(a), Plaintiffs are entitled to the following statutory damages:

> Any person <u>injured in his business or property</u> by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and <u>shall recover threefold the damages he sustains</u> and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

18 U.S.C. § 1964(c) (emphasis added)

11. The injury each Plaintiff sustained in his or her business or property because of Defendant's RICO violations is set forth in Plaintiffs' Amended Complaint, ECF No. 35. *See* Ex. A, at ¶9.

12. Plaintiffs' RESPA damages claims are made certain by multiplying their settlement service charges identified on Section 1100 of their HUD-1 Settlement Statements by three, per 12 U.S.C. §2607(d)(2)'s treble damage clause. Ex. A, at ¶8.

13. A table showing these computations, and Plaintiffs' RESPA damages claims, is as follows:

| Plaintiffs' RESPA Damages Claims | | |
|---|---|---|
| **Plaintiff** | **Settlement Charges from HUD-1** | **Plaintiffs' Claim (3 x Settlement Charges)** |
| Matthew S. Remsnyder and Kimberly I. McMillen | $1,850.00 (Ex. A-1) | $5,550.00 |
| Lucy Strausbaugh | $1,843.25 (Ex. A-2) | $5,529.75 |
| Vernon and Crystal Miller | $1,650.00 (Ex. A-3) | $4,950.00 |
| Bonnie S. Vaughn | $1,350.00 (Ex. A-4) | $4,050.00 |

| | | |
|---|---|---|
| Edward and Karen Leech, Jr. | $1,550.00 (Ex. A-5) | $4,650.00 |
| Ellen T. Geiling | $2,020.00 (Ex. A-6) | $6,060.00 |
| Ted and Andrea Doederlein | $1,650.00 (Ex. A-7) | $4,950.00 |
| Randall Taylor | $1,823.41 (Ex. A-8) | $5,470.23 |
| Edward F. and Anna M. Barth, Jr. | $1,650.48 (Ex. A-9) | $4,951.44 |

Ex. A, at ¶¶10-27.

14.  Plaintiffs' RICO damages claims are made certain by multiplying their actual injury as set forth in the Amended Complaint by three, per 18 U.S.C. §1964(c)'s treble damages clause. Ex. A, at ¶8.

15.  A table showing these computations, and Plaintiffs' RICO damages claims, is as follows:

| Plaintiffs' RICO Damages Claims | | |
|---|---|---|
| **Plaintiff** | **Injury to Business or Property** | **Plaintiffs' Claim (3 x Injury)** |
| Matthew S. Remsnyder and Kimberly I. McMillen | $900.00 (ECF No. 35, at ¶109) | $2,700.00 |
| Lucy Strausbaugh | $900.00 (ECF No. 35, at ¶116) | $2,700.00 |
| Vernon and Crystal Miller | $600.00 (ECF No. 35, at ¶123) | $1,800.00 |
| Bonnie S. Vaughn | $300.00 (ECF No. 35, at ¶130) | $900.00 |
| Edward and Karen Leech, Jr. | $500.00 (ECF No. 35, at ¶144) | $1,500.00 |
| Ellen T. Geiling | $970.00 (ECF No. 35, at ¶116) | $2,910.00 |
| Ted and Andrea Doederlein | $600.00 (ECF No. 35, at ¶151) | $1,800.00 |
| Randall Taylor | $600.00 (ECF No. 35, at ¶158) | $1,800.00 |
| Edward F. and Anna M. Barth, Jr. | $600.00 (ECF No. 35, at ¶165) | $1,800.00 |

Ex. A, at ¶¶10-27.

16.     The combined amount of RESPA and RICO damages claimed by each Plaintiff is as follows:

| Plaintiffs' Combined RESPA and RICO Damages Claims | |
|---|---|
| Matthew S. Remsnyder and Kimberly I. McMillen | $8,250.00 |
| Lucy Strausbaugh | $8,229.75 |
| Vernon and Crystal Miller | $6,750.00 |
| Bonnie S. Vaughn | $4,950.00 |
| Edward and Karen Leech, Jr. | $6,150.00 |
| Ellen T. Geiling | $8,970.00 |
| Ted and Andrea Doederlein | $6,750.00 |
| Randall Taylor | $7,270.23 |
| Edward F. and Anna M. Barth, Jr. | $6,751.44 |

17.     The Plaintiffs damages claims are sums made certain by computation, as identified above and in Exhibit A.  Defendant MBA is a corporation, and therefore it is neither a minor nor an incompetent person under Fed. R. Civ. P. 55(b)(1).

WHERFORE, Plaintiffs respectfully request that the Clerk enter Default Judgment against MBA Mortgage Services, In in favor of the following Plaintiffs in the following amounts:

| | |
|---|---|
| Matthew S. Remsnyder and Kimberly I. McMillen: | $8,250.00 |
| Lucy Strausbaugh: | $8,229.75 |
| Vernon and Crystal Miller: | $6,750.00 |
| Bonnie S. Vaughn: | $4,950.00 |

| | |
|---|---|
| Edward and Karen Leech, Jr.: | $6,150.00 |
| Ellen T. Geiling: | $8,970.00 |
| Ted and Andrea Doederlein: | $6,750.00 |
| Randall Taylor: | $7,270.23 |
| Edward F. and Anna M. Barth, Jr.: | $6,751.44 |

Dated:  July 19, 2024

Respectfully submitted,

_____/s/_____
Timothy F. Maloney, Esq. #03381
Veronica B. Nannis, Esq. #15679
Joseph, Greenwald & Laake
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 / (301) 220-1214 (fax)
Email: tmaloney@jgllaw.com
Email: vnannis@jgllaw.com
*Co-Counsel for Plaintiff*

_____/s/_____
Michael Paul Smith, Esq. #23685
Melissa L. English, Esq. #19864
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD 21204
(410) 821-0070 / (410) 821-0071 (fax)
Email: mpsmith@sgs-law.com
Email: menglish@sgs-law.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 19[st] day of July, 2024, I served copies of the foregoing Plaintiffs' Request for Entry of Default Judgment via this Court's CM/ECF system.

_____/s/_____
Melissa L. English, Esq, #19864

6